INDEPENDENT GAS & OIL CO. v. STEPHENSON et ux.

No. 5174.   Decided October 28, 1932.   (15 P. [2d] 317.)

*Lewis Jones,* of Brigham, for appellant.

*C. D. Moore,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

This action was brought to recover upon two written contracts. The complaint sets up two causes of action, a cause founded on each of the contracts. The provisions of the two contracts are the same excepting that they cover different property of different agreed valuations. Each contract provides for the lease by the plaintiff to the defendant of a 10-gallon visible hand operated pump and a 550-gallon underground storage tank. The following provisions, among others, are contained in each of the contracts:

"First party hereby leases and agrees to deliver to second party f. o. b. Portage, Utah, the following described equipment, to wit: One (1) Wayne Figure 492, Ten-Gallon Visible, Hand-Operated Gasoline Pump and one (1) 550-gallon underground storage tank, same being the property of said First Party and loaned to Second Party; said Second Party having merely the use thereof, except as hereinafter provided.

"Second Party agrees that said property and equipment shall be retained and used by Second Party only at his place of business at Portage, Utah. Second Party agrees that if the installation and use of said property and equipment be on leased ground or on a public street or sidewalk or on other public property, such installation (and any subsequent removal therefrom) shall be with the consent of the owner of such ground or of the proper public authority, as the case may be; such consent to be endorsed hereon.

"Second party agrees during the life of this agreement to make all purchases of gasoline handled, sold or distributed through his place of business at Portage, Utah, from said First Party at its then market price at time of such purchase, and to use every effort to promote the sale of such gasoline through said property and equipment. Dis-

continuance of the use of said property and equipment shall be deemed notice to the Second Party of desire of First Party to terminate this agreement."

One contract contains this provision: "If, at any time Second Party desires to terminate this agreement, it is agreed that the First Party shall sell and Second Party shall purchase said equipment at Two Hundred and Fifty Dollars ($250.00) on terms of net cash less ten (10%) per cent per annum from date of this agreement, payment to be made within thirty (30) days from date thereof."

The other contract contains a provision the same as that last above quoted excepting that the purchase price is $300 instead of $250. By this action plaintiff seeks to recover from the defendant the amount fixed by the contracts as the purchase price of the gasoline pumps and storage tanks. Dana W. Stephenson, the wife of A. J. Stephenson, was made a party defendant, but at the conclusion of plaintiff's evidence a motion for a nonsuit as to her was granted by the court below. No complaint is made on this appeal of such ruling and therefore the action is before us only as to the judgment against the defendant A. J. Stephenson.

Plaintiff alleges in its complaint that defendant has discontinued to use the pumps and storage tanks mentioned in the contracts; that he has elected to and has terminated the contracts; and that he has thereby become indebted to the plaintiff for the purchase price of the pumps and storage tanks in the amounts fixed in the contracts. Defendant answered. He denied some of the material allegations of plaintiff's complaint. As an affirmative defense he alleged that he signed the contracts for his son who was a minor; that, at the time he signed the contracts, the plaintiff, through its officers, agreed that he would in no manner be held liable on the contracts; that the plaintiff would look to his minor son as the person liable for the performance of the contracts; that after the contracts in question were executed one Wm. D. Harris leased from Mrs. Stephenson

the service station where the pumps and storage tanks were installed and at about the same time plaintiff leased to Harris the pumps and storage tanks which had theretofore been leased to the minor son of the defendant; that plaintiff agreed to release defendant from any and all obligations of the contracts sued upon; that, after the contracts were executed, plaintiff, through its officers and agents, agreed to keep the pumps covered by the contracts in repair but plaintiff has failed to perform its agreement in such respect; that defendant was not in possession of the pumps and storage tanks; and that he tendered the return of the same to the plaintiff.

The evidence shows without conflict that for some time prior to the commencement of this action the pumps and tanks covered by the contracts were not used for the purpose of vending the products of plaintiff. It also appears that plaintiff was, before this action was begun, requested to remove the pumps and tanks. The principal ground upon which defendant relies for a reversal of the judgment is that the court below refused to permit him to amend his answer and interpose the following additional defense: That, at the time the contracts involved in this controversy were executed, the minor son of the defendant held a parol lease from one Katherine Hall, the owner of the premises where the pumps and tanks were installed; that the pumps and tanks were installed upon the leased property with the knowledge of the officers and agents of the plaintiff; that after the equipment was installed Katherine Hall conveyed the premises to Dana W. Stephenson, the wife of the defendant; that after she acquired title, Mrs. Stephenson leased the premises to Wm. D. Harris.

Defendant claims that because of these transactions his contracts with the plaintiff were rendered impossible of performance and that he is therefore excused from performance. The court below held that such facts, if alleged and proved, would not constitute a defense to plaintiff's complaint and therefore refused to permit

the amendment to be made and likewise refused to admit evidence offered by defendant in support thereof. Such rulings are assigned as error. Appellant contends that, when the property upon which the pumps and tanks were installed was sold to his wife who in turn leased it to Mr. Harris, it became impossible for either him or his minor son to use the pumps and tanks for the vending of plaintiff's products and that such facts bring this case within the rule that the destruction of the subject matter of a contract renders it unenforceable. In support of such contention our attention is directed to 12 A. L. R. 1273, note, et seq. An examination of the text and cases there cited does not support appellant's position. So far as we are advised the rule relied upon by appellant has never been extended to facts such as appellant claims the facts to be in the instant case. A rule of law which is more nearly applicable to a state of facts such as defendant claims the facts to be in this case is that, where an obligor by the terms of his contract may elect between two modes of performance, the fact that one of the alternatives becomes impossible of performance (without the fault of the obligee) does not excuse the obligor from performance of the other alternative which is not impossible of performance. 6 R. C. L. 1015, § 356. The pumps and tanks which form the subject-matter of this controversy have not been destroyed. It affirmatively appears that the present owner of the property upon which the equipment is located makes no claim to it. If, for any reason, defendant has lost his right to the property in question, it is not because of any fault of the plaintiff. This is not an action to recover damages because of the failure of the defendant to sell the products of the plaintiff on the premises where the pumps and tanks were installed. If it were such an action, the cases and authorities cited on behalf of appellant would be more nearly in point. The property involved in this action has been delivered to the defendant. If he does not have possession thereof, it is his own fault. He agreed to either use the

equipment for selling plaintiff's product or in case of a failure to so use it to purchase it at an agreed price. He has chosen not to use the property for the purpose of selling plaintiff's product, and thereby, according to the terms of his contract, he is obligated to pay the price agreed upon. There is no evidence in this record to support the allegation of defendant's answer that plaintiff leased the equipment in question to Mr. Harris. The evidence affirmatively shows the contrary. Nor is there any evidence which shows, or tends to show, that plaintiff agreed to release defendant from the obligation of the contracts here involved. The other so-called affirmative defenses alleged in defendant's answer find no support in the evidence. We have examined the other assignments and find they are without merit.

The judgment is affirmed. Respondent is awarded its costs.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.